IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHEA ANN WHITTENBARGER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:25-cv-01729 |
| § | |
| THE AI FLEET INC. § | |
| § | |
| Defendant. § | |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHEA ANN WHITTENBARGER (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, hereby sues Defendant, THE AI FLEET INC. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## **INTRODUCTION**

1. This is an action by Plaintiff against her former employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and reasonable attorney's fee and costs.

## **JURISDICTION**

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant maintains its principal place of business in Travis County, Texas.

## THE PARTIES

4. Plaintiff, SHEA ANN WHITTENBARGER, is an individual residing in Hamilton County, Tennessee.

5. Plaintiff, SHEA ANN WHITTENBARGER, was employed by Defendant from approximately October 18, 2021 until July 16, 2025 as a safety compliance associate and paid a salary of $1,569.23 weekly.

6. Defendant, THE AI FLEET INC., is a corporation formed under the laws of the State of Delaware, is registered to do business in the State of Texas, and maintains its principal office in Travis County, Texas.

7. Defendant, THE AI FLEET INC., is a trucking company based in Austin, Texas and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, THE AI FLEET INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, THE AI FLEET

INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, THE AI FLEET INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendant, THE AI FLEET INC., is a trucking company which traveled in interstate commerce.

11. At all times material to this complaint, Defendant employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce.

12. Plaintiff's duties included the regular and recurring use of the instrumentalities of interstate commerce, *e.g.*, email and telephone, to conduct her job duties. Specifically, Plaintiff regularly utilized the internet, telephones and computers to conduct business-related transactions including assisting drivers throughout the United States with the scheduling of drug and alcohol screenings, roadside assistance, and compliance with driver log requirements.

13. At all times material to this Complaint, Defendant was Plaintiff's employer, and as a matter of economic reality, Plaintiff was dependent upon Defendant for her employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

14. Plaintiff re-alleges and incorporates herein by reference paragraphs 1-13, *supra*.

15. Plaintiff, SHEA ANN WHITTENBARGER, occupied the position of safety compliance associate and did not hold a position considered as exempt under the FLSA.

16. Defendant's management required Plaintiff to work in excess of 40 hours in a workweek.

17. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

18. The work schedules for Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

19. Plaintiff was scheduled to work Monday through Friday from 8:00 a.m. to 5:00 p.m., however, Plaintiff regularly worked Monday through Friday from 8:00 a.m. to approximately 6:00 p.m. – 7:00 p.m., and during numerous workweeks, worked an estimated 50 – 55 hours in a workweek.

20. Defendant's policy of not properly paying overtime was willful.

21. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

22. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

23. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

24. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, SHEA ANN WHITTENBARGER, demands Judgment against Defendant for the following:

   a. Awarding Plaintiff compensatory damages, attorneys' fees and litigation expenses as provided by law;

   b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

   c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

    d.     Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS SCALISE BEELER AND PILLISCHER LAW GROUP**

_____
**Charles L. Scalise**
Texas Bar No. 24064621
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com